IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC NORFLEET,  )<br>No. R57214,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>VIPIN SHAH,  )<br>CHRISTINE BROWN,  )<br>LAURA LaCRONE,  )<br>JODY GOETTING,  )<br>DONALD GAETZ,  )<br>THOMAS SPILLER,  )<br>LESLIE McCARTY,  )<br>TERRI ANDERSON,  )<br>SHERRY BENTON,  )<br>SALVADORE GODINEZ,  )<br>WEXFORD HEALTH CARE SERV.,  and  )<br>ILLINOIS DEPT. OF CORRECTIONS,  )<br>  )<br>  Defendants.  )  | Case No. 14-cv-01408-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Marc Norfleet, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on how his medications are prescribed and dispensed.

Plaintiff has paid the full $400 filing fee. Nevertheless, under 28 U.S.C. § 1915(e)(2), "at any time" the Court can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026–27 (7th Cir. 2000). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff is confined to a wheelchair and in chronic pain, for which over the past ten years he has been prescribed Neurontin, Baclofen and Ibuprofen. Beginning in 2012, medical personnel at Pinckneyville Correctional Center employed a new definition of "chronic" relative to what qualified as a chronic ailment and justified a long-term prescription. As a result, Plaintiff's treating physician, Dr. Shah, stopped routinely renewing and filling Plaintiff's prescriptions, thereby causing nurses and other health care providers to stop providing Plaintiff with what he had come to expect to be his prescription regimen. Instead, Plaintiff was given relatively short-term prescriptions, sometimes for a lower dosage than he had been receiving. Some prescriptions were discontinued; other medications were substituted. Consequently, Plaintiff sometimes missed doses, and he had to sign up for sick call and pay a $5.00 copay just to have his prescriptions renewed. As a result, Plaintiff's pain and other symptoms worsened, and Dr. Shah and other staff did nothing to fix the problem.

Plaintiff contends that the new policy and practice regarding prescribing and dispensing medication for chronic health problems is designed to generate copayments, resulting in profits

trumping proper health care. Plaintiff's oral complaints and written grievances have not been successful.

It is alleged that the 12 named defendants—healthcare providers and administrators at Pinckneyville, as well as Illinois Department of Corrections administrators, Administrative Review Board members, Wexford Health Care Services, and the Department of Corrections—all knew of Plaintiff's medical situation and were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Plaintiff further alleges that Defendants have violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The complaint seeks a preliminary injunction, permanent injunctive relief, declaratory judgment, as well as compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants, personally or by allowing the prison's policy and practice of prescribing and renewing medications to continue, were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment;**
>
> **Count 2: Defendants, personally or by allowing the prison's policy and practice of prescribing and renewing medications to continue, violated the ADA and Rehabilitation Act;**
>
> **Count 3: Defendants, personally or by allowing the prison's policy and practice of prescribing and renewing medications to continue, violated the Due Process Clause of the Fourteenth Amendment; and**

**Count 4:   Defendants, personally or by allowing the prison's policy and practice of prescribing and renewing medications to continue, violated the Equal Protection Clause of the Fourteenth Amendment.**

### Discussion

### Count 1

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, encompassing health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). As a general matter, the allegations in the complaint regarding Plaintiff being denied prescription refills, having dosages cut, and having treatment decisions made based on profit considerations, all fall within the ambit of the Eighth Amendment. However, that does not end the analysis.

A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Consequently, the doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Also, proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections official must have acted with the equivalent of criminal recklessness. *Id*. at 836–37. The complaint does not state a colorable claim—a claim that is not just possible, but is plausible—against all 12 named defendants.

As pleaded, colorable Eighth Amendment claims are stated against Dr. Vipin Shah, Health Care Unit Administrator Christine Brown, Warden Donald Gaetz, Warden Thomas Spiller, contract health care provider Wexford Health Care Services, and Director of the Illinois Department of Corrections Salvadore Godinez. A mere disagreement regarding the proper course of treatment usually does not give rise to a deliberate indifference claim (*see Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006)). Also, prison directors and wardens are entitled to rely upon medical staff for the provision of proper medical care. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Nevertheless, questions of fact abound regarding the role of each of these six defendants in the implementation of the policy and practice at issue, and in treatment decisions. Count 1, therefore, shall proceed against those six defendants.

The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). That principle is equally applicable to the Illinois Department of Corrections, which is a state agency. Therefore, the Department of Corrections will be dismissed from Count 1 with prejudice.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Administrative Review Board ("ARB") member Leslie

McCarty is named as a defendant, but she is not mentioned in the narrative of the complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Furthermore, like fellow ARB members Terri Anderson and Sherry Benton, McCarty's role in determining the issuance and filling of Plaintiff's prescriptions was limited to reviewing the denial of Plaintiff's administrative grievances. Members of the ARB who are merely reviewing the administrative decisions of others, do not face liability merely because they approve the underlying decision. *See Burks*, 555 F.3d at 595-96; *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Therefore, ARB members Leslie McCarty, Terri Anderson and Sherry Benton will each be dismissed from Count 1. In an abundance of caution, dismissal will be without prejudice.

Pinckneyville Correctional Center's ADA coordinator, Jody Goetting, will also be dismissed from Count 1, the Eighth Amendment claim. The complaint only alleges that Goetting reviewed a grievance and determined that there was no ADA issue presented. There is nothing to suggest that she was involved in the policy or practice at issue, and nothing to suggest deliberate indifference. Jody Goetting will, therefore, be dismissed without prejudice from Count 1.

Director of Nursing Laura LaCrone is not alleged to have had a role in creating the prescription policy at issue. Rather, LaCrone merely reiterated what the policy was and accordingly denied Plaintiff's request that LaCrone and/or the nurses under her supervision disregard the policy and Dr. Shah's treatment decisions. Although a nurse may not blindly defer to a doctor's instructions if harm is likely to befall the patient, the complaint describes LaCrone as being in the role of providing information relative to the review of a grievance, not involved in direct treatment. *See*, e.g, *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1075 (7th Cir.

2012). Therefore, the complaint, as drafted, fails to suggest deliberate indifference by LaCrone and she will be dismissed from Count 1 without prejudice.

For these reasons, Count 1, the Eighth Amendment claim, shall proceed against only Dr. Vipin Shah, Health Care Unit Administrator Christine Brown, Warden Donald Gaetz, Warden Thomas Spiller, contract health care provider Wexford Health Care Services, and Director of the Illinois Department of Corrections Salvadore Godinez.

**Count 2**

Count 2 asserts claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. The ADA and Rehabilitation Act prohibit discrimination against qualified individuals because of their physical or mental disability, including a failure to accommodate a disability. Although the complaint asserts that Plaintiff suffers from what will be assumed to qualify as a disability—being wheelchair bound due to chronic radiculopathy and chronic pain—it is not alleged that Plaintiff was denied proper medication or treatment *because* of his disability. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012). Rather, Plaintiff attributes the prescription policy and treatment decisions at issue to profits trumping proper medical care.

Furthermore, individual employees of the Illinois Department of Corrections cannot be sued under the ADA or Rehabilitation Act. *Jaros*, 684 F.3d at 670. The proper defendant to Count 2 would be the relevant state department or agency. *See* 2 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity). For these reasons, the ADA and Rehabilitation Act claims in Count 2 will be dismissed without prejudice.

**Count 3**

The general assertion in the complaint that Defendants violated the Due Process Clause of the Fourteenth Amendment is construed as being premised upon the denial of multiple grievances regarding the prescription policy and related treatment decisions. The complaint does not expound upon how Plaintiff was denied his right to due process.

As already noted relative to Count 1, merely "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir.2007; *see also McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013). Furthermore, state grievance procedures do not create a substantive liberty interest protected by the Fourteenth Amendment's Due Process Clause. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Absent a protectable liberty interest, there is no right to procedural due process. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Consequently, Count 3 will be dismissed without prejudice.

**Count 4**

The complaint contains a general assertion that Defendants denied Plaintiff the equal protection of the law, as guaranteed by the Equal Protection Clause of the Fourteenth Amendment.

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decision[-]maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

There is also a second type of equal protection, a so-called "class-of-one" claim. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601 (2008), and *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), make clear that a class-of-one equal protection claim can succeed only if it is pleaded and proven that (1) the plaintiff has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for different treatment.

Plaintiff's equal protection claim is nothing more than a conclusory legal assertion. No intentional discrimination or animus has been alleged. Therefore, Count 4 shall be dismissed without prejudice.

**Preliminary Injunction**

The prayer for relief in the complaint includes a request for a preliminary injunction under Federal Rule of Civil Procedure 65. A preliminary injunction is issued only *after* the adverse party is given notice and an opportunity to oppose the motion. FED.R.CIV.P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

Given that Count 1 is proceeding against certain defendants, the Clerk of Court will be directed to have the record reflect that the complaint (Doc. 1) also contains what is construed as a motion for preliminary injunction. That motion will be referred to a magistrate judge for further consideration in accordance with Federal Rule of Civil Procedure 65(a).

## Disposition

**IT IS HEREBY ORDERED** that the Clerk of Court shall have the record reflect that the complaint (Doc. 1) contains a motion for preliminary injunction.

**IT IS FURTHER ORDERED** that, for the reasons stated, **COUNTS 2, 3 and 4** are **DISMISSED without prejudice**; and Defendants **LAURA LaCRONE**, **JODY GOETTING**, **LESLIE McCARTY**, **TERRI ANDERSON**, **SHERRY BENTON**, and the **ILLINOIS DEPARTMENT OF CORRECTIONS** are each **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1**, the Eighth Amendment claim, shall otherwise **PROCEED** against **VIPIN SHAH**, **CHRISTINE BROWN**, **DONALD GAETZ**, **THOMAS SPILLER**, **WEXFORD HEALTH CARE SERVICES**, and **SALVADORE GODINEZ**.

The Clerk of Court shall prepare for Defendants **VIPIN SHAH**, **CHRISTINE BROWN**, **DONALD GAETZ**, **THOMAS SPILLER**, **WEXFORD HEALTH CARE SERVICES**, and **SALVADORE GODINEZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for a preliminary injunction.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: January 13, 2015**

                                                  *s/J. Phil Gilbert*
                                                  **United States District Judge**