UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARC NORFLEET,

      Plaintiff,

  v.

VIPIN SHAH, *et al.*,

      Defendants.

Case No. 14-cv-1408-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 32) of Magistrate Judge Philip M. Frazier recommending that the Court dismiss plaintiff Marc Norfleet's Amended Complaint for failure to state a claim but allow leave to amend Counts 1, 3 and 4 as to defendants Shah, Brown, Gaetz, Spiller, Wexford Health Care Services and Godinez and to amend Count 2 as to the defendant Illinois Department of Corrections ("IDOC"). Norfleet has objected to the Report (Doc. 36).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Norfleet's objection touches on nearly every aspect of the Report, so the Court reviews the entire matter *de novo*. Norfleet is a wheelchair-bound inmate who has received medications for his disabling condition for more than ten years.

With respect to Count 1, an Eighth Amendment claim for deliberate indifference to a serious medical need, Magistrate Judge Frazier found that Norfleet's complaint boils down to an

assertion that his Eighth Amendment rights were violated when Dr. Shah issued prescriptions for only six months at a time, altered Norfleet's traditional prescriptions on occasion, and required Norfleet to use a procedure for non-chronic illnesses that required a nurse sick call visit and a copayment to obtain prescription refills. Magistrate Judge Frazier found that, based on the allegations in the Amended Complaint, any error on Dr. Shah's part in such conduct amounted to negligence, at the most, not deliberate indifference. The Court agrees with Magistrate Judge Frazier's assessment of Norfleet's complaint; Norfleet appears to be complaining that he cannot get the medications he wants using the procedures he wants, not that medications deemed medically necessary by a professional are unavailable to him when he needs them if he were to use the procedures Dr. Shah demands in a timely manner.[1] His allegations do not plausibly suggest that Dr. Shah was deliberately indifferent to Norfleet's medical needs, just that he may not have selected the most efficient method of caring for Norfleet.[2] The Court further agrees with Magistrate Judge Frazier's recommendation that Norfleet be allowed to replead Count 1 to try to state facts that would amount to deliberate indifference.

With respect to Count 2, a claim under the Americans with Disabilities Act and the

---

[1] These procedures are fairly standard in doctors' offices outside of prison. Doctors routinely require a patient to visit the office periodically to obtain prescription refills. This give the doctor an opportunity to reevaluate a patient's condition and assess whether the previously prescribed medications continue to be medically recommended.

[2] The Court is aware that this claim survived review under 28 U.S.C. § 1915(e)(2)(B) on the understanding that Norfleet was not being timely provided necessary medications (Doc. 4). Upon closer review, it appears clear from the complaint that Norfleet's desire for certain specific medications was simply a difference of opinion with Dr. Shah about appropriate treatment and that the vast majority of delays in receiving medications were due to Norfleet's failure to request a nurse sick call to obtain refills. To the extent Norfleet suggests prescribing Elavil, an antidepressant may be a gross deviation from accepted medical practice for treating injuries like his such that it could amount to deliberate indifference, the Court notes that the drug is also used to treat nerve pain, so prescribing it for injuries like Norfleet's is not clearly outside accepted medical practice. *See* WebMD, *Elavil*, http://www.webmd.com/drugs/2/drug-1807/elavil-oral/details (last visited June 3, 2015).

Rehabilitation Act, Magistrate Judge Frazier found Norfleet had not plausibly alleged he was denied medical services because of his disability. His complaints about being forced to use the nurse sick call procedure and pay a copayment rather than having medications automatically refilled simply do not amount to denial of a benefit. For the reasons set forth in the Report, the Court agrees with Magistrate Judge Frazier, but believes Norfleet should be allowed a chance to replead this claim.

With respect to Count 3, a claim for violation of the Fourteenth Amendment Due Process Clause, Magistrate Judge Frazier found Norfleet had not alleged the deprivation of a protectible liberty or property interest because of the changes in the procedures to receive his medications. The Court agrees that Norfleet has not alleged a deprivation of a protectible interest; he is still able to receive medical care through IDOC's medical services program but just not in the manner he wants. However, the Court believes he should be allowed a chance to replead this claim.

With respect to Count 4, a claim for violation of the Fourteenth Amendment Equal Protection Clause, Magistrate Judge Frazier found Norfleet had not alleged disparate treatment of similarly situated inmate or less favorable treatment of Norfleet because of his disability. The Court agrees for the reasons set forth in the Report. Norfleet has pointed to other inmates who are not physically disabled like Norfleet who do not have to use the nurse sick call procedure to obtain prescription refills and one wheelchair bound inmate who has been required to use the nurse sick call procedure for medical device treatment. This information is not sufficient to show those inmates are similarly situated to Norfleet in material respects so as to plausibly suggest a violation of the Equal Protection Clause. The Court will allow Norfleet to replead this claim.

Finally, with respect to Count 5, a claim for denial of access to the courts, Magistrate Judge

Frazier found such a claim is not properly joined with the other claims but that Norfleet could file such a claim in a new lawsuit.

After a *de novo* review, for the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 32);

- **DISMISSES** the Amended Complaint **without prejudice** for failure to state a claim;

- **GRANTS** Norfleet leave to replead Counts 1, 3 and 4 against defendants Vipin Shah, Christine Brown, Donald Gaetz, Thomas Spiller, Wexford Health Care Services and Salvadore Godinez;

- **GRANTS** Norfleet leave to replead Count 2 against defendant IDOC; and

- **ORDERS** that Norfleet shall have 45 days to prepare and file a Second Amended Complaint (1) using the count designations outlined in Magistrate Judge Frazier's Report (Doc. 32) and (2) underlining all new allegations in the Second Amended Complaint as required by Local Rule 15.1.

**IT IS SO ORDERED.**
**DATED:   June 11, 2015**

                              s/ J. Phil Gilbert
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**