UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARC NORFLEET,

    Plaintiff,

v.

VIPIN SHAH, *et al.*,

    Defendants.

Case No. 14-cv-1408-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Marc Norfleet's motion for leave to appeal *in forma pauperis* (Doc. 54). Norfleet is appealing the Court's June 22, 2015, order (Doc. 51) denying his motion for reconsideration (Doc. 48) of the Court's June 11, 2015, order (Doc. 47) dismissing without prejudice the claims in his Amended Complaint and granting him 45 days to file a further amended complaint as to some counts.

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court finds that the appeal is not taken in good faith because it is frivolous. Norfleet has appealed a non-appealable order. The order is not final because it simply denies reconsideration of an order dismissing Norfleet's claims without prejudice and contemplating an amended pleading within 45 days of the original order. Thus, the order is not appealable under 28

U.S.C. § 1291.  Nor does it qualify as a type of order subject to interlocutory appeal under 28 U.S.C. § 1291.  The Court can find no other authority that might authorize an interlocutory appeal of its June 22, 2015, order.  For this reason, the Court **DENIES** Norfleet's motion for leave to appeal *in forma pauperis* (Doc. 54).

One additional note about jurisdiction is in order.  Ordinarily, an appeal to the Court of Appeals "divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000).  However, a deficient notice of appeal does not divest the district court of jurisdiction.  *Gilda Indus. Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008).  Where it is clear to the district court that a notice of appeal is deficient because it is untimely, lacks essential recitals, or seeks review of a non-appealable order, the district court may disregard the notice of appeal.  *Id.* (citing *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (*en banc*)).  Accordingly, the Court disregards Norfleet's notice of appeal in its counting of the 45 days in which he may file an amended pleading.

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals for use in conjunction with Appeal No. 15-2401.

**IT IS SO ORDERED.**
**DATED:   July 8, 2015**

              s/ J. Phil Gilbert
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**